| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL NEAL KRUMM | ) | |
| VELMA JEANNETTE KRUMM | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| Debtors, | ) | |
| | ) | |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| LIFESTORE BANK | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRETT CRAWFORD, CHAPTER 7 | ) | |
| TRUSTEE FOR DANIEL NEAL KRUMM | ) | |
| AND VELMA JEANETTE KRUMM | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

BEFORE THE COURT are cross-appeals filed by Barrett L. Crawford, Chapter 7 Trustee

for the Debtors Daniel Neal Krumm and Velma Krumm (hereinafter "Trustee"), and LifeStore

Bank ("LifeStore") in a bankruptcy adversary proceeding for declaratory judgment. (Docs. 5, 6).

I.      FACTUAL AND PROCEDURAL HISTORY

On November 9, 2012, Daniel Neal Krumm and Velma Jeanette Krum (the "Debtors")

filed a petition for relief under Chapter 7 of the Bankruptcy Code of the Bankruptcy Court in the

Western District of North Carolina, Case No. 12-51092.

The facts are not in dispute. The parties agree that, on or about April 15, 2011, LifeStore loaned Debtors the principal sum of $396,025.00 for the purchase of Debtor's home (the "Loan"). To memorialize the agreement, Debtors executed and delivered to LifeStore a Promissory Note (the "Note") wherein the Debtors promised to pay LifeStore Bank the principal plus interest. On the same day, to secure said Loan, Debtors executed and delivered to LifeStore a Deed of Trust wherein Debtors granted LifeStore a first-priority lien on five condominium units (Unit # 2, 4, 6, 7, 8) located at 218 Elk Hills Drive in Avery County, North Carolina (the "Real Property"). The Deed of Trust was duly recorded.

In their bankruptcy schedules, the Debtors valued the Real Property at $359,500 and indicated that LifeStore held a secured claim exceeding in amount the value of the Real Property. (Case No. 12-51092, Doc. 1, at 18). The Debtors indicated that they intended to retain the Real Property and continue to make payments. (*Id.* at 43).

The Debtors received their Chapter 7 discharge on February 20, 2013, (Case No. 12-51092, Doc. 7). They made payment on the Note for a period of time, but within a few months Debtors stopped making payments and were in default.

On October 23, 2013, the Debtors executed a Deed in Lieu of Foreclosure in favor of LifeStore. Said Deed was recorded. Neither party disputes the fact that LifeStore and the Debtors did not seek or obtain relief from the automatic stay in order to effectuate such a transfer.

After the recordation of the Deed in Lieu of Foreclosure, the Trustee learned of said transfer and filed a Lis Pendens on the Real Property, asserting an interest in the Real Property on behalf of the bankruptcy estate.

On March 3, 2014, Trustee, with the consent of LifeStore, filed a motion for authority to sell the Real Property to an independent third party for $316,500. (Case 12-51092, Doc. 24). The

Motion indicated that the Trustee believed the transfer of the Real Property is avoidable under

Section 549 of the Bankruptcy Code but that LifeStore disputes that assertion. (*Id.* at ¶¶ 8-9).

Paragraph 11 of the Motion reads as follows:

> Pending the resolution of the Parties' dispute over the Real Property,
> LifeStore Bank and the Trustee have agreed to proceed with the
> consummation of the sale subject to the preservation of each Parties'
> rights and claims, which shall attach to the net sale proceeds.

(*Id.* at ¶ 11). The parties agreed to escrow the proceeds of the sale pending further order of the

Bankruptcy Court. (*Id.* at ¶ 12). The Trustee brought the motion to "allow the sale to be

consummated and to clear any title issues that may arise from the transfer from the Debtors to

LifeStore Bank without the authorization of the [Bankruptcy] Court." (*Id.* at ¶ 13). The Trustee

stated that "[i]n the opinion of the Trustee, the sale of the Real Property as set forth herein is in the

best interest of the bankruptcy estate and its creditors." (*Id.* at ¶ 17). The Trustee indicated that it

"reserve[d] all rights, claims, and defenses with respect to all claims asserted against the Debtors,

and all liens, security interests, and other interests." (*Id.* at ¶ 19).

On March 21, 2014, LifeStore initiated an adversary proceeding by filing a Complaint

requesting the entry of a declaratory judgment determining that either (i) the execution, delivery,

and recordation of the Deed in Lieu of Foreclosure was a void act and that, as a result, LifeStore

simply retained its lien against the Real Property; or (ii) even if the transfer was avoidable under

Section 549, recovery of the Real Property (or the proceeds thereof) by the bankruptcy estate would

not result in any tangible benefit to the bankruptcy estate under Section 550 because LifeStore

would be entitled to the reinstatement of its secured claim pursuant to Section 502(h). The Trustee

subsequently counterclaimed alleging that the transfer of the Real Property was avoidable under

Section 549 of the Bankruptcy Code and requesting the recovery of the Real Property (or the

proceeds thereof) pursuant to Section 550.

On April 21, 2014, the Bankruptcy Court granted the Motion and approved the sale. (Case No. 12-51092, Doc. 29). The sale was consummated and the proceeds were escrowed.

On June 11, 2014, in the adversary proceeding, LifeStore filed an "Amended Motion for Judgment on the Pleadings or, in the alternative, Summary Judgment." (Case No. 14-05012, Doc. 11). On August 6, 2014, the Trustee filed a Response to the Motion. (Doc. 13). On August 7, 2014, the Trustee filed a Motion to Extend Discovery Period. (Doc. 14). On September 11, 2014, Bankruptcy Judge Beyer granted LifeStore's Motion for summary judgment. (Doc. 16). The Bankruptcy Court concluded as follows:

> Although the Real Property constitutes property of the bankruptcy estate and should not have been transferred by Debtors to LifeStore Bank without the prior authority of the Court, the Court concurs with that line of cases that hold that Section 549 is intended to be restorative and not punitive and that while the transfer of the Real Property may very well be avoidable pursuant to Section 549 of the Bankruptcy Code, if the transfer was avoided, LifeStore Bank would still be entitled to a secured claim in this case pursuant to Section 502(h) of the Bankruptcy Code.

(*Id.* at ¶ 12). The Bankruptcy Court concluded that LifeStore was entitled to be paid the amount of $305,963.03 from the sale proceeds, representing the balance owed on the Note at the time of the recordation of the Deed in Lieu of Foreclosure. (*Id.* at ¶ 13). The Bankruptcy Court further held that the balance of the sale proceeds in the amount of $9,078.78 shall be turned over and paid to the Trustee on behalf of the bankruptcy estate. (*Id.*). The instant appeal followed. This Court has jurisdiction over the instant appeal. *See* 28 U.S.C. § 158(a).

## II.    THE PARTIES' CONTENTIONS

The Trustee claims that the Bankruptcy Court erred by granting the Plaintiff's Amended Motion. (Doc. 11). The Trustee also claims that the Bankruptcy Court should have permitted it to conduct discovery as to the value of the transferred property. LifeStore argues that this Court

should largely affirm the Bankruptcy Court's Order but that the Bankruptcy Court erred in awarding $9,078.78 of the sale proceeds to the Trustee. LifeStore argues that the Trustee is estopped from challenging the value of the property.

## III.    STANDARD OF REVIEW

Summary judgment in a bankruptcy adversary proceeding is governed by Rule 7056 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that a Court should grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. On appeal this Court reviews the Bankruptcy Court's conclusions of law *de novo*. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir. 1992).

## IV.    ANALYSIS

### A.    The Bankruptcy Court was Did Not Err in Holding that Discovery was not Warranted

Trustee maintains that it "filed the Motion to Sell to avoid losing the proposed purchaser of the Real Property and was not consenting to the validity or appropriateness of the sales price." (Doc. 5, at 7). Trustee maintains that it is permissible for a trustee to tell the Bankruptcy Court that "the sale of the Real Property as set forth herein is in the best interest of the bankruptcy estate and its creditors" and later argue that the sale of said property *at the price Trustee advocated for* was under market value. It strains credulity for Trustee to maintain that it originally filed the Motion to Sell because it was concerned about losing a potential purchaser of the Real Property when the offer was below what it considered reasonable. Common sense and logic dictate that the Trustee cannot be allowed to change its view on the reasonableness of the sales price after asking the Court to confirm the sale of the Real Property at that price.

Trustee maintains that it preserved its rights to contest the reasonableness of the sale price. The Court does not agree. The Motion and the Order specified that that the parties proceeded with the sale "subject to the preservation of each Parties' rights and claims, **which shall attach to the net sale proceeds.**" (Doc. 24, at ¶ 11; Doc. 29, at ¶ 11). Paragraph 5 of the decretal also states that "[t]he net sale proceeds shall be held in escrow . . . and the Parties' claims with regard to the Real Property **shall be preserved and shall attach to the net sale proceeds**." (Doc. 29, at ¶ 5).

The Motion Trustee filed was brought pursuant to 11 U.S.C. § 363. Section 363 provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The Code and pertinent case law only allow avoidance in certain situations. *See* § 363(m)-(n); *In re Irvin*, 950 F.2d 1318, 1320 (7th Cir. 1991) ("Having once confirmed the sale of an estate asset, a bankruptcy court has less discretion to set that order aside than it originally had in granting or denying the order."); *In re Zumwalt*, 53 B.R. 277, 280 (Bankr. D. Or. 1985) ("As a policy matter, bankruptcy courts do not favor collateral attacks on trustee deed sales based on the values obtained for the property sold at such sales."). These limitations "allow[] bidders to offer fair value for estate property . . . . [which] greatly benefits both the debtor and its creditors." *Hazelbaker v. Hope Gas, Inc. (In re Rare Earth Minerals)*, 445 F.3d 359, 363 (4th Cir. 2006).

Here, Trustee is not attempting to set aside the sale but rather challenges whether the sale price that it asked the Court to confirm was appropriately valued. This type of challenge may not raise the same degree of finality concerns that an outright attack on the sale would but still runs contrary to "Congress' interest in the prompt resolution of bankruptcy proceedings." *Hazelbacker*, 445 F.3d at 365. In bringing the Motion to Sell, the Trustee stated that "the sale of

the Real Property as set forth herein is in the best interest of the bankruptcy estate and its

creditors." Now Trustee argues the opposite – the property was potentially undervalued at the

time of the sale. Principles of waiver and estoppel preclude Trustee from attacking the sale price

after being the principal proponent of the sale. If Trustee had an objection to the sale price it

should not have filed a motion supporting the sale. Accordingly, it has waived any objections it

may have to the sale price. *Hazelbaker v. Hope Gas, Inc. (In re Rare Earth Minerals)*, 445 F.3d

359, 365 (4th Cir. 2006); *In re Lane*, 991 F.2d 105, 107 (4th Cir. 1993).

Further, Trustee's former position estops it from asserting its new position. "Judicial

estoppel precludes a party from adopting a position that is inconsistent with a stance taken in

prior litigation." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995).

"The purpose of the doctrine is to prevent a party 'from playing 'fast and loose' with the courts,

and to protect the essential integrity of the judicial process.'" *Id.* (quoting *Allen v. Zurich Ins.

Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). The Court recognizes that that this doctrine should be

cautiously applied. *Id.* However, the Court finds that allowing the Trustee to challenge the sale

price after previously advocating for the same sale would amount to the very manipulation that

the doctrine is committed to preventing. *Id.* Further, there is no indication that Trustee's prior

position was made inadvertently or mistakenly. *Id.* It is clear that the Trustee's rights attach to

the proceeds of the sale. Construing the Motion and the retention of any rights therein in the way

Trustee argues would run contrary to the predicate for the Motion: that the sale would be in the

best interest of the bankruptcy estate. *See* 3-363 Collier on Bankruptcy, *Use, Sale, or Lease of

Property of the Estate Other Than in the Ordinary Course of Business*, P 363.02[4] (16th ed.

2015) (detailing the deference a Court gives *the Trustee* with regard to the sale price that a

Trustee proposes).

## B. The Bankruptcy Court Did Not Err in Holding that LifeStore retained a Secured Claim

The parties' contentions detail the interplay between various portions of the Bankruptcy Code; namely, Sections 549, 550, and 502(h). The gist of Trustee's position is that the estate should be able to retain the *full* value of the sale (regardless of the amount of security LifeStore had in the property) because the original Deed in Lieu of Foreclosure was not exempted from the automatic stay. This Court agrees with the Bankruptcy Court and holds that common sense and an examination of the pertinent sections of the Bankruptcy Code shows that the Trustee's position is not persuasive. 11 U.S.C. § 549 provides that a trustee may avoid transfers of property of the bankruptcy estate in certain situations. It is undisputed for the purposes of this appeal that the transfer from Debtors to LifeStore was not authorized by the Bankruptcy Court. 11 U.S.C. § 550 provides, in pertinent part, that "to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . . ." 11 U.S.C. § 550(a). 11 U.S.C. § 502(h) provides, in relevant part, that "[a] claim from the recovery of property under section . . . 550 . . . of this title shall be determined . . . the same as if such claim had arisen before the date of the filing of the petition." It is clear that a trustee does not create a windfall for the bankruptcy estate by avoiding certain transfers. These statutes, read in conjunction, show that a trustee may avoid certain transfers and bring the property back into the estate subject to whatever claims were present the day of the petition. The United States Bankruptcy Appellate Panel of the Tenth Circuit rejected the exact argument made by Trustee. In *In re C.W. Min. Co.*, the "[t]rustee contend[ed] that the bankruptcy estate would gain the benefit of the value of the [t]ransfer, which would be available to distribute to the unsecured creditors, because Bank no longer ha[d] a secured claim by virtue of its sale of the Debtor Loans." *In re C.W. Min. Co.*, 477 B.R. 176, 186

8

(B.A.P. 10th Cir. 2012) *aff'd,* 749 F.3d 895 (10th Cir. 2014).  The Panel rejected this argument,

stating that:

> By virtue of the plain language of § 502(h), the status of a secured
> or unsecured claim arising thereunder is determined by its status ***as
> if the claim had arisen the date before the petition is filed.***  In
> other words, the claim is reinstated as if the transfer had not
> occurred.

*In re C.W. Min. Co.*, 477 B.R. 176, 186-87 (B.A.P. 10th Cir. 2012) *aff'd,* 749 F.3d 895 (10th Cir.

2014).  Therefore, "avoiding the Transfer and ordering return of the value of the Transfer to

Trustee would be pointless" because "Bank would be entitled to the protection of its lien under §

502(h)."  *Id.* at 187.  Like the Bankruptcy Court, the Panel likewise found that a punitive

interpretation of the above statutes is inconsistent with the plain meaning of § 502(h).  *Id.* at 187-

188.  The Court agrees with the reasoning set in the *In re C.W. Min. Co.* and therefore rejects

Trustee's arguments to the contrary.

## C.    The Bankruptcy Court's Order regarding costs is modified

LifeStore argues that the Bankruptcy Court erred in awarding $9,078.78 of the Real

Property sale proceeds to the Trustee on behalf of the bankruptcy estate.  With regard to this

issue, the Bankruptcy Court held that:

> LifeStore Bank is entitled to be paid the amount of $305,963.03
> from the sale proceeds, representing the balance owed on LifeStore
> Bank's promissory note at the time of the recordation of the Deed
> in Lieu of Foreclosure.  The balance of the sale proceeds in the
> amount of $9,078.078 shall be turned over and paid to the Trustee
> on behalf of the bankruptcy estate.

(Case No. 14-05012, Doc. 16, at ¶ 13).

Trustee did not respond to LifeStore's argument.  LifeStore argues that the Bankruptcy

Court erred by failing to account for the fact that it was oversecured at the time of the sale.[1]

11 U.S.C. § 506(b) provides that:

> To the extent that an allowed secured claim is secured by property
> the value of which, after any recovery under subsection (c) of this
> section, is greater than the amount of such claim, there shall be
> allowed to the holder of such claim, interest on such claim, and any
> reasonable fees, costs, or charges provided for under the agreement
> or State statute under which such claim arose.

"[W]hen secured collateral has been sold, so long as the sale price is fair and is the result of an

arm's-length transaction, courts should use the sale price, not some earlier hypothetical valuation,

to determine whether a creditor is oversecured and thus entitled to postpetition interest under §

506(b)." *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 870 (4th Cir. 1994).

The sale price was $316,500.  The net proceeds from the sale were $315,041.81.  On

November 15, 2013, the time of the transfer of the Deed in Lieu of Foreclosure, LifeStore was

owed $307,421.22.  Accordingly, at the time of the sale, LifeStore was oversecured and is

entitled to postpetition interest.  As of May 21, 2014, the payoff owed to LifeStore was

$317,913.54, of which around $9,700 was unpaid accrued interest.  (Doc. 6, at 29). This increase

qualifies as allowable post-petition interest under § 506(b).  *See* 4-506 Collier on Bankruptcy,

*Entitlement to Postpetition Interest, Costs and Fees § 506(b)*, P 506.04[1].  Given that the

---

[1] Of course, if the original Deed in Lieu of Foreclosure were not avoidable, then LifeStore would be entitled to all of the proceeds as the rightful record owner.  LifeStore did not make this argument and, therefore, the Court will not consider it.  As a further matter, the Court finds it is immaterial as to whether Debtors' transfer of the Real Property was void or voidable – either way LifeStore's lien would exist in this instance and the Real Property would be part of the bankruptcy estate.  *See In re Valenti*, No. 13-01350-8-DMW, 2014 WL 4980039, at *3 (Bankr. E.D.N.C. Oct. 6, 2014) (noting that the "Fourth Circuit Court of Appeals has not yet decided whether actions in violation of an automatic stay are void or merely voidable" but concluding that "there is overwhelming precedent that an act taken in violation of the automatic stay is void.").

property was sold for $316,500, the operation of § 506(b) mandates that LifeStore is entitled to the entire payment.

The next issue is whether Trustee or LifeStore should be charged closing costs. LifeStore represents that $1,459.19 should not have been charged against LifeStore's secured claim. The Offer to Purchase and Contract specifies that "Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this Contract, and for state and county excise taxes required by law." (Doc. 24-1, at 8). It also provides that the Seller will pay a pro rata share of ad valorem taxes. (*Id.* at 9). LifeStore represented itself as "Seller" under the Contract.

Under these facts, the Court finds that LifeStore is estopped from arguing that it did not assume closing costs. By signing and entering into the Contract specifying that it would assume these expenses, LifeStore may not later attempt to charge them to the bankruptcy estate. Therefore, LifeStore is entitled to the entire amount of the proceeds ($315,041.81) less the closing costs ($1,459.19), which equates to $313,582.62. The remainder, $1,459.19, is to be paid to the Trustee on behalf of the bankruptcy estate.

**IT IS, THEREFORE, ORDERED THAT**

    (1) The decision of the Bankruptcy Court is affirmed in part and reversed in part;

    (2) LifeStore is entitled to $313,582.62 of the proceeds;

    (3) Trustee is entitled to $1,459.19 of the proceeds; and

    (4) This matter is remanded to the Bankruptcy Court for such further proceedings as may be warranted.

Signed: June 30, 2015

Richard L. Voorhees
United States District Judge